IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES R. MOSLEY, ID#788987,      )<br>          Petitioner,                       )<br>vs.                                              )     No. 3:13-CV-4047-B (BH)<br>                                                   )<br>WILLIAM STEPHENS, Director,       )     Referred to U.S. Magistrate Judge<br>Texas Department of Criminal          )<br>Justice, Correctional Institutions Division, )<br>          Respondent.                     ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit as a successive petition.

**I. BACKGROUND**

Charles Ray Mosley (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On May 22, 1997, Petitioner was convicted in the 292nd District Court of Dallas County, Texas of burglary of a habitation in cause number F97-46030-KV, and sentenced to 40 years. (doc. 3, at 2.)  He was paroled on May 27, 2008, after serving part of that 40-year sentence. *See Mosley v. Thaler*, No. 3:11-CV-742-B, 2011 WL 6039616, at *1 (N.D. Tex. Sep. 13, 2011), *adopted by*, 2011 WL 6039611 (N.D. Tex. December 1, 2011).  Less than two years later, Petitioner's parole was revoked based on a March 17, 2010 conviction for burglary of a building in the 195th District Court of Dallas County, Texas, and other violations. *Id.*  On September 29, 2010, Petitioner filed

a state application for writ of habeas corpus challenging the 2010 conviction and his parole revocation, and that application was dismissed for lack of jurisdiction. *Ex parte Mosley,* WR-47,779-10 (Tex. Crim. App. Dec. 8, 2010). Petitioner then filed a second state writ application challenging his parole revocation, and that application was dismissed for abuse of the writ. *Ex parte Mosley*, WR-47,779-11 (Tex. Crim. App. Jan. 12, 2011).

Petitioner filed a federal petition for habeas corpus relief challenging the 2010 conviction for burglary of a building that was denied. *See Mosley v. Thaler,* No. 3:11-CV-127-O, 2011 WL 6257187 (N.D. Tex. Sep. 13, 2011), *adopted by*, 2011 WL 6257198 (N.D. Tex. December 14, 2011). He then filed another separate petition under § 2254 challenging the same parole revocation he now challenges, and it was also denied *See Mosley,* 2011 WL 6039611 at *1 (N.D. Tex. December 1, 2011). The United States Court of Appeals for the Fifth Circuit denied Petitioner's request for a COA. *Mosley v. Thaler,* No.11-11213 (5th Cir. 2013). Petitioner also sought relief from judgment under Rule 60(b) in that proceeding, and his motion was also denied. *Mosley v. Thaler,* No. 3:11-CV-742-B, 2012 WL 6928016 (N.D. Tex. November 30, 2012, *adopted by*, 2013 WL 271450 (N.D. Tex. Jan. 23, 2013). Petitioner again challenges the same 2010 revocation of parole. (doc. 3, at 6-8 (including attachment pages)).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive, however, if the prior petition was dismissed due to prematurity or for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same 2010 parole revocation and asserts many of the same grounds as in a prior 2011 federal petition that was denied with prejudice. *See Mosley,* 2011 WL

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

6039611 at *1 (N.D. Tex. December 1, 2011). Under *Hardemon* and *Crone*, Petitioner was required to present all available claims in his prior 2011 federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in the 2011 federal petition. There, he raised claims that he was denied due process in connection with his parole revocation hearing because: (1) he did not receive a preliminary hearing; (2) he was denied access to an unspecified police report; and (3) he was not provided with a handwritten statement of reasons for revoking his parole. *Mosley*, 2011 WL 6039616, at *1. Petitioner now raises these same grounds, and he also claims that the State did not subpoena the arresting officer to appear at the revocation hearing, and that he was not informed that the new burglary of a habitation conviction would be used to revoke his parole. (doc. 3, at 6-8 (including attachment pages).)

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c). To present a claim in a second or successive

application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

### III.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 23rd day of April, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE